UNITED STATES, Appellee,

v.

Specialist Four Marshall SANDERS, SSN 424–74–3341, United States Army, Appellant.

CM 440452.

U. S. Army Court of Military Review.

24 July 1981.

Captain Steven T. Cain, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, and Major Charles A. Byler, JAGC.

Captain Robert D. Higginbotham, JAGC, argued the cause for the appellee. With him on the brief were Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, and Major John T. Meixell, JAGC.

Before JONES, CLAUSE and O'DONNELL, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Judge:

The appellant was convicted by a military judge sitting as a general court-martial of wrongfully possessing cocaine and wrongfully attempting to sell cocaine in violation of Articles 134 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 880. His sentence to bad-conduct discharge, confinement at hard labor for 24 months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade was approved by the convening authority.

In presenting its case, the Government called one witness, Wolfgang Busch, a Bavarian policeman. Herr Busch testified that on the night in question, while operating in an undercover role, he met a person, later identified as Specialist four Marquise Thompson, for the purpose of consummating a previously arranged sale of cocaine. Thompson talked briefly with Busch at the local train station and then walked over to the appellant who was standing nearby. Thompson and the appellant approached Busch who asked to see a sample of the cocaine. Busch and the appellant got into the appellant's automobile and proceeded to a parking lot. At this time, the appellant gave Busch a small amount of a light, powdery substance which Busch sampled and returned to the appellant. Busch then left to obtain a quantity of hashish which was to be exchanged for the cocaine. He returned and again got into the car with the appellant. The appellant examined a portion of the hashish, removed a small package from under his thigh, and gave it to Busch who promptly arrested him.

After Busch concluded his testimony, the Government offered an oral stipulation of fact which was joined in by the defense counsel and the appellant. The stipulation stated essentially that the substance given to Busch by the appellant was cocaine or lidocaine. The text of the stipulation is set forth in the margin.[1] The judge explained to the appellant the effect of a stipulation and determined that the appellant consented to it. The judge accepted the stipulation and the Government rested.

The appellant testified and gave a somewhat different version of the events leading to his arrest. According to the appellant, he and Thompson were visiting two German girls in their apartment. One of the girls asked the appellant if he knew where to obtain cocaine. He said that he did not. The appellant then asked Thompson if he knew where to get it. Thompson replied that he did and that he would see what he could do. Thompson later received a telephone call from the girl to the effect that a person named "Charlie" would meet them at the local train station. Thompson and the appellant met with "Charlie" and Thompson agreed to procure cocaine for him.

On the date in question the appellant drove Thompson to the train station where they met "Charlie" and Busch. Thompson and "Charlie" remained in the station. Busch and the appellant went outside to the appellant's car. The cocaine was in the back seat of the car. Busch got into the car with the appellant, reached in the back seat

1. It is hereby agreed by and between the trial and defense counsel, with the express consent of the accused, that the following facts are true: The light, chrystalline powder substance given by the accused to Herr Busch, which was seized by Herr Busch during the arrest, was transferred unaltered to US authorities, and was examined by the CID Laboratory at Frankfurt and found to be cocaine, or lidocaine, in the amount of 14.04 grams. It is the same substance which was taken from the accused.

and sampled the cocaine. Busch then left and returned about 45 minutes later carrying a plastic bag. He again got into the car, placed the plastic bag on the floor of the car, reached into the back seat and grabbed the plastic bag containing the cocaine. He then arrested the appellant.

The appellant now contends that as the stipulation was confessional in nature, the military judge should have made additional inquiry as required by *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977). In *Bertelson*, the accused, after pleading not guilty to a drug offense, stipulated that he sold a quantity of controlled drugs to an undercover agent for a specified amount. The Court held that before accepting such a stipulation the military judge must advise the accused that it may not be received without his consent, must ascertain that a factual basis exists for the stipulation, and must conduct a modified plea-bargain inquiry to determine, *inter alia*, the existence of any *sub rosa* agreements not to raise defenses or motions.

If the stipulation in the instant case is confessional in nature, it was improperly admitted as the judge merely informed the appellant that a stipulation admits certain facts without the necessity of further proof and received the appellant's consent to the stipulation. Our reading of the record, however, convinces us that the stipulation was not confessional, notwithstanding the apparent admissions that the appellant transferred the substance to Herr Busch. It is clear to us that the parties intended to stipulate only as to the chemical composition of the substance that was referred to by Busch in his testimony. This is how the judge interpreted it and it is how he explained it to the appellant.[2] We are satisfied that the judge considered the stipulation for that limited purpose. Unlike the factual situation in *Bertelson*, the Govern-

ment in the instant case had introduced evidence tending to establish all elements of the offense except the chemical nature of the powdery substance.

Accordingly, we hold that the military judge properly advised the appellant of the nature and effect of the stipulation and that the stipulation was admissible to establish that the substance in question was cocaine.[3]

The findings of guilty and the sentence are AFFIRMED.

Senior Judge JONES and Judge CLAUSE concur.

---

2. The judge informed the appellant that by stipulating he was "agreeing that the substance that was given to Herr Busch, the last witness, was cocaine in 14.04 grams."

3. Having so concluded, we can only note that this case graphically demonstrates the dangers

that inhere in the use of oral stipulations. The slight effort that would have been expended in the preparation of a precisely-worded written stipulation would have been more than justified by the time and energy saved by appellate counsel and indeed by this Court.